FILED

NOT FOR PUBLICATION

FEB 10 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK VINCENT TEDESCHI,

Petitioner - Appellant,

v.

DEBRA DEXTER, Warden; EDMUND G.
BROWN, Jr., Attorney General of the
State of California,

Respondents - Appellees.

No. 10-15015

D.C. No. 1:08-cv-00820-JLS-CAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Mark Vincent Tedeschi ("petitioner"), a California state prisoner, appeals

the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his

jury conviction for second degree murder.  We have jurisdiction under 28 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2253.  We review de novo the denial of a habeas petition.  *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005).  Under the Antiterrorism and Effective Death Penalty Act, this petition may be granted only if the last reasoned state decision was contrary to or involved an unreasonable application of Supreme Court law or was based on an unreasonable finding of the facts in light of the evidence.  *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2004).  We affirm.

Petitioner argues his Sixth and Fourteenth Amendment rights were violated by the introduction of extrinsic material during jury deliberations.  The underlying facts involve a family dispute.  Petitioner and his wife, Shelley, were separated and had a nine-year old daughter, Tiffani.  Petitioner had been evincing threatening behavior towards Shelley.  He had threatened to kill her, telling her "You're days are numbered, bitch."  On November 10, 1995, Shelley's father, Robert Leisten, drove to petitioner's house to pick Tiffani up.  Petitioner told his daughter to tell him to come inside.  Once Mr. Leisten entered, petitioner shouted, "You and your daughter!" and shot him.  Tiffani witnessed the shooting.  The police found Mr. Leisten dead with two bullet wounds.  A search of the home revealed notes written by petitioner stating "Tiffani, I'm sorry, please pray for your daddy, Mark," "You wouldn't talk to me, this is the price you pay Shelley," and "I got tired of the pain, Lord have mercy on my soul."

After his conviction, petitioner filed a petition asserting *inter alia* that a juror committed misconduct by looking up the definition of "malice" at the library during deliberations and telling other jurors this definition. The trial court held a hearing and all jurors testified. Seven jurors testified they did not recall a juror stating he had gone to the library and looked up the definition of "malice." Four jurors recalled a juror had looked up a dictionary definition of "malice" and told other jurors. None of the four jurors could recall the definition discussed, but one juror said she remembered that the definition was "similar" to the definition in the jury instructions and that there was only a "short discussion" regarding it. No juror admitted to the conduct. After the two-day evidentiary hearing, the trial court concluded that there was juror misconduct, but that there was no prejudice. The California Court of Appeal held that there was no prejudice as well.

Petitioner argues on appeal that his Sixth Amendment rights were violated by the introduction of the extrajudicial definition of "malice." Under the Sixth Amendment, a trial by a jury requires the verdict be based on evidence presented at trial. *Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965). Exposure to facts not in evidence may deprive a defendant of the right of confrontation, cross-examination, and assistance of counsel. *Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir. 1995). Misconduct may occur if a juror introduces a matter into deliberations which was

3

not in evidence or in the jury instructions. *Thompson v. Borg*, 74 F.3d 1571, 1574 (9th Cir. 1996). Federal habeas relief is only warranted if a petitioner can establish an error occurred and the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993) (citations and internal quotation marks omitted). We look to the following factors to access prejudice: (1) whether the material was received; (2) how long it was available and discussed; (3) when it was introduced; (4) factors indicating it had a reasonable possibility of affecting the verdict; (5) the ambiguity of the material or if it was cumulative or admissible; (6) if remedial action was taken; (7) the trial context; and (8) whether the material was prejudicial given the other evidence in the case. *Estrada v. Scribner*, 512 F.3d 1227, 1238 (9th Cir. 2008); *United States v. Keating,* 147 F.3d 895, 902-03 (9th Cir. 1998). No factor is dispositive: "The  appropriate inquiry is whether there was a direct and rational connection between extrinsic material and the prejudicial jury conclusion, and whether the misconduct relates directly to a material aspect of the case." *Mancuso v. Olivarez*, 292 F.3d 939, 953 (9th Cir. 2002) (citations omitted).

The California Court of Appeal's decision that no prejudice resulted from the introduction of extrinsic material was not contrary to or an unreasonable application of Supreme Court law. It was misconduct for the juror to introduce the

dictionary definition of "malice," but it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 627. There is no evidence that the introduction of a dictionary definition of "malice" affected or altered one juror's vote regarding guilt. There is no evidence that the infusion of such information had an affect on the verdict at all, much less a *substantial and injurious* affect. A majority of the jurors recalled no discussion regarding this definition and the jurors that did recall the discussion stated that it was only brief and one juror stated the definition was similar to the one they had been given. Also, there was overwhelming evidence to support the jury's verdict because Tiffani witnessed the killing and saw petitioner "messing" with guns prior to Mr. Leisten's entry, his behavior prior to the shooting demonstrated an intent to harm, and the notes in his home indicated an intent to harm Shelley. Given the overwhelming evidence of guilt, and the lack of evidence indicating the extrinsic material had any affect, the California Court of Appeal's conclusion that the jury misconduct did not prejudice the defendant was not contrary to or an unreasonable application of Supreme Court law. *See Mancuso*, 292 F.3d at 953 (holding that the juror misconduct did not have a substantial and injurious affect).

**AFFIRMED**.

*Tedeschi v. Dexter*, No. 10-15015
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.